a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ROBERT E. JACKSON, JR.,<br>Petitioner | CIVIL DOCKET NO. 5:19-CV-747-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) filed by *pro se* Petitioner Robert E. Jackson, Jr. ("Jackson") (#308617). Jackson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Jackson challenges his conviction and sentence imposed in the 39th Judicial District Court, Red River Parish.

Because Jackson's Petition (Doc. 1) is second and successive, and Jackson has not obtained authorization to file a second or successive petition from the United States Court of Appeals for the Fifth Circuit, the Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

I. Background

Jackson was convicted of possession of a firearm by a convicted felon, possession with intent to distribute cocaine, and possession with intent to distribute marijuana. After being charged as a third felony offender, Jackson was sentenced to life imprisonment. (Doc. 1-2, pp. 5-6). Jackson pursued an appeal and post-conviction

application. He then filed a § 2254 petition in this Court, which was denied. (5:07-CV-1281, Doc. 20). The Fifth Circuit denied writs. (5:07-CV-1281, Doc. 26).

Jackson filed a second and successive § 2254 petition in this Court, which was stricken. (5:14-cv-2873, Docs. 1, 9). Jackson sought authorization from the Fifth Circuit to file a successive § 2254 motion, but his request was denied. (Docket No. 14-31168, 5th Cir.).

Jackson now alleges that his sentence is invalid because of changes in Louisiana law regarding habitual offender sentencing.

## II.  Law and Analysis

Jackson previously filed a § 2254 Petition in this Court, which was adjudicated on the merits. (5:07-CV-1281). Under 28 U.S.C. § 2244(a): "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ." 28 U.S.C. § 2244.

A habeas corpus petition is not second or successive simply because it follows an earlier federal petition. In re: Cain, 137 F.3d 234, 235 (5th Cir. 1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." Id. The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits

is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." Graham v. Johnson, 168 F.3d 762, 774 n. 7 (5th Cir. 1999) (citing Felker v. Turpin, 518 U.S. 651, 655-58, 662-63 (1996)).

Jackson's Petition (Doc. 1) is based on changes in Louisiana law regarding multiple felony offenders. The "Ameliorative Penalty Provisions" went into effect on June 15, 2001, providing for more lenient provisions for certain crimes. At that time, the provisions were to be applied prospectively. See Finch v. Cain, 14-1348, 2015 WL 4478025, at *2 (E.D. La. July 22, 2015) (citing La. R.S. 40:966 B(1)(2002) and State v. Dick, 951 So.2d 124, 127 (La. 2007)). In 2006, the state legislature enacted La. R.S. § 15:308, which made the Ameliorative Penalty Provisions apply retroactively. Id. Jackson's first § 2254 petition was filed on July 30, 2007, after the changes in the law were enacted. Jackson could have raised his present claim in the earlier petition. Therefore, his current Petition (Doc. 1) is second and successive.

Before a second or successive petition is filed in a district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Jackson has not yet obtained that authorization. Until such time as Jackson obtains authorization from the Fifth Circuit, this Court is without subject matter jurisdiction over his Petition (Doc. 1). See Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999).

### III. Conclusion

Because Jackson's Petition (Doc. 1) is second and successive, and Jackson has not received authorization from the Fifth Circuit, IT IS RECOMMENDED that the Petition (Doc. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Jackson's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); Reed v. Young, 471 F.App'x 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 5th day of August 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE